**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STIRLING MORTIMER GLOBAL PROPERTY FUND PCC LIMITED, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> RICHARD NEILL TREVOR ROBERTS, a British citizen; et al., <br><br> Defendants - Appellants. | No. 13-15943 <br><br> D.C. No. 2:13-cv-00301-GMN-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted November 5, 2013
San Francisco, California

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Richard Roberts, Jane Roberts, and Regal Property Holdings, Inc.

("Appellants") appeal the district court's entry of a preliminary injunction ("PI")

freezing certain assets and limiting their monthly expenses. We find no abuse of

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

discretion and therefore affirm. *Johnson v. Couturier*, 572 F.3d 1076, 1078-79 (9th Cir. 2009).

Appellants contend the district court lacked authority to grant the PI because Stirling Mortimer Global Property Fund PCC Ltd. ("Stirling Mortimer") does not assert any equitable interest in, or claim to, the targeted property. Not so. Stirling Mortimer's operative complaint asserts a claim for imposition of a constructive trust, which we have held to support injunctive relief. *Thomas v. Rubin (In re Focus Media, Inc.)*, 387 F.3d 1077, 1084-85 (9th Cir. 2004). Appellants' reliance, in this regard, on *Grupo Mexicano de Desarollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), is misplaced. As we have previously observed, *Grupo Mexicano* concerned legal damages only, and does not prohibit issuance of injunctive relief where, as here, plaintiff has pled claims for relief that are equitable in nature. *In re Focus Media*, 387 F.3d at 1085.

Appellants alternatively argue that the PI was wrongly issued because Stirling Mortimer may move to stay proceedings, pending resolution of related litigation in the United Kingdom. But Appellants have neglected to identify an appropriate legal framework through which to assess this argument, or any authority supporting the substance of their position that a motion to stay undermines an earlier request for injunctive relief.

Further, we reject Appellants' various challenges to the sufficiency of the evidentiary record. Appellants maintain the district court placed too much weight on Stirling Mortimer's verified complaint, which included some hearsay. The district court was permitted to consider the verified allegations as well as hearsay, *Johnson*, 572 F.3d at 1083, and here its reliance on those materials was justified because appellants (1) chose not to examine the witness who verified Stirling Mortimer's allegations, and (2) did not "substantially controvert" the averments and instead merely issued a blanket denial of any wrongdoing. *See, e.g., K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087, 1088-89 (9th Cir. 1972). Appellants' other attacks on the district court's inquiry into the factual record likewise fail: the court did not clearly err in tracing specific assets to the alleged fraud, or limiting Appellants' monthly expenses.

Finally, we need not address Appellants' arguments concerning their later bankruptcy filing because those arguments were not raised below and do not appear meritorious in any case. *Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976).

**AFFIRMED**.

3